Harper, J.,
delivered the opinion of the Court.
We are of opinion that the case was for the discretion of the Chan•cellor, and that we cannot interfere with his decision. It is manifest, ■that no beneficial interest is given to the trustees, Jones, and Wads-worth, by the deed in question. It could not even answer the purpose ■of a security, as they were bound at all events to discharge the trusts they had undertaken. And although their having been sureties for Mrs. Knust on her administration bond is stated in the trust deed, as a consideration of the grant, it was a consideration which enured to the benefit of the infant, and not of themselves. Their friendship to the father is mentioned as an inducement to the purchase made for the son.
What I have most doubted, is as to the form of the application. The English authorities certainly are, that to remove a trustee the proceeding must be by bill; and if it were sought to remove a trustee for misconduct, I certainly should think he ought to have the means of defending himself by an answer. The proceeding by petition is, however, more used by us than in the English practice; and if the office of trustee were vacant, I think it might be filled upon petition. In strictness, the office was not vacant in this instance, for the trust devolved on the executrix. Yet a trust must be regarded in some degree as a personal confidence, and the Court will more readily transfer it, when it has devolved on a stranger to the cestuy que trust. However this may be, it does not appear from the decree, that any objection to the form of the proceedings was taken at the hearing; nor does it form a ground of appeal. We think it too late to take the objection now. The respondent may have a reference on the subject of her accounts, with every advantage that she would have had, if the proceeding had been by bill. The motion is dismissed.
Johnson, J., and O’Neall, J., concurred.

Decree affirmed.